IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ROBERT K. CHAMBERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 315-067 |
| | ) | |
| SHERIFF PEACOCK, and JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, an inmate incarcerated at Coastal State Prison in Garden City, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this civil rights case under 42 U.S.C. § 1983. The case is now before the Court on Plaintiff's motion for preliminary injunction, motion for equitable tolling, and for screening under the IFP statute. (Doc. nos. 5, 6.); Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I. BACKGROUND**

In his complaint, Plaintiff names Wheeler County Sheriff Peacock and John Doe as Defendants. (Doc. no. 1, p. 4.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On December 30, 2011, Plaintiff was transferred to Wheeler County Jail from Augusta State Medical Prison for a court appearance. (Id. at 5.) According to the medical staff at Augusta State Medical Prison, his bandages were to be changed three times a day to prevent

infection. (Id.) Plaintiff is wheelchair bound, paralyzed from the waist down, and is unable to ambulate independently. (Id.) The prison staff at Wheeler County jail refused to change his bandages, and Plaintiff was unable to shower at the jail because the facilities were not handicap-accessible. (Id.) Further, prison staff told Plaintiff that he should call his wife so that she could change his bandages and help him shower because they objected to doing so. (Id.)

## II. DISCUSSION

### A. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative

level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. An amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### B. Plaintiff's Complaint is Subject to Dismissal Because It Falls Outside the Two-year Statute of Limitations

State law controls the length of the statute of limitations period in § 1983 actions. Lawson v. Glover, 957 F.2d 801, 803 (11th Cir. 1987). In Georgia, such claims must be brought within two years of their accrual. Leal v. Ga. Dep't of Corrs., 254 F.3d 1276, 1279 (11th Cir. 2001); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986). Although state law determines the applicable statute of limitations period for claims under § 1983, federal law determines the date of accrual. See Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003); Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996). Under § 1983, a

claim accrues when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Brown, 335 F.3d at 1261 (quoting Rozar, 85 F.3d at 561-62).

Here, Plaintiff's claim accrued on January 3, 2012, the last date that he was imprisoned at Wheeler County Jail where he was allegedly mistreated. (Doc. no. 1, p. 5.) On this date, Plaintiff clearly knew of his injuries in regard to the lack of accessible showers and failure to change his bandages. Further, Plaintiff's complaint was signed and dated on June 12, 2015, three and half years after his claim accrued. (Id. at 6.) Thus, Plaintiff's complaint clearly falls outside of the two-year statute of limitations set by Georgia law.

However, Plaintiff requests that the Court equitably toll the statute of limitations for his § 1983 claim of deliberate indifference. (Doc. no. 6.) Plaintiff argues that the two-year statute of limitations should be tolled because he thought his attorney was working on the case for the last year and a half. (Id. at 2.) Plaintiff alleges his only source of information was secondhand from his mother, through phone calls and letters. (Id.) Plaintiff alleges that he only spoke to his mother approximately once every two months and that she forgot to tell him that the attorney did not file the case. (Id. at 3.) Plaintiff further alleges that his serious medical condition prevents him from writing and that he secured another inmate to write his complaint once he learned that the attorney did not, in fact, file the case. (Id.)

Equitable tolling only applies if Plaintiff can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v.

DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007); Salas v. Pierce, 297 F. App'x 874, 877 (11th Cir. 2008) (applying habeas case law addressing equitable tolling in § 1983 case). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). Plaintiff bears the burden of proving his entitlement to equitable tolling and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. Damren v. Florida, 776 F.3d 816, 818 (11th Cir. 2015)

Here, Plaintiff has shown neither extraordinary circumstances nor diligence to establish a right to equitable tolling. Plaintiff's filing beyond the limitations period is simply a result of his own negligence in gathering information only secondhand from his mother and never attempting to contact his attorney directly. Had Plaintiff truly been diligently pursuing his case, he would have inquired directly with his attorney as to the status of his lawsuit. Further, the lack of direct contact with the attorney should have made it obvious that no lawsuit was being filed. Because negligence, whether by Plaintiff or even by his attorney, does not provide a basis for equitable tolling, Plaintiff's motion is without merit. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 90 (1990) ("garden variety claim of excusable neglect" not a basis for equitable tolling). Further, Plaintiff's complaint as to the conditions of his hands do not provide a basis for equitable tolling because he has shown an ability to litigate on his own behalf, through filing complaints and motions. Accordingly, Plaintiff is

5

not entitled to equitable tolling.

## C. Motion for Preliminary Injunction

Plaintiff has also moved for preliminary injunctive relief, requesting the court to issue an order requiring the Sheriff at the Wheeler County Jail to make the jail handicap-accessible. (Doc. no. 5, p. 10.)

A party moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson County, 720 F.2d. 1511, 1519 (11th Cir. 1988)).

Here, Plaintiff's motion for a preliminary injunction is moot because he is no longer imprisoned at the Wheeler County Jail, the place where the events in question occurred. Plaintiff is currently being housed at Coastal State Prison in Garden City, Georgia and an injunction against Defendants would result in no relief for Plaintiff. Thus, Plaintiff no longer has any standing to ask for injunctive relief nor can he show a likelihood of irreparable harm if a preliminary injunction is not issued. Accordingly, Plaintiff's motion for preliminary

injunction should be denied as moot.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for preliminary injunction be **DENIED AS MOOT** (doc. no. 5), Plaintiff's motion for equitable tolling be **DENIED** (doc. no. 6.), and Plaintiff's complaint be **DISMISSED** for failure to state a claim.

SO REPORTED and RECOMMENDED this 20th day of January, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA